**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kathryn A. Milun, a married woman, | No. CV07-1555 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER SETTING TRIAL** |
| Arizona Board of Regents, a political subdivision of the State of Arizona, | |
| Defendant. | |

A Final Pretrial Conference was held on July 17, 2009. Counsel appeared on behalf of Plaintiff and Defendant. On the basis of the parties' written submissions and the hearing,

**IT IS HEREBY ORDERED:**

1.      Trial in this matter shall begin on **November 17, 2009, at 9:00 a.m.**

2.      The trial shall last **5** days (November 17-20, 24, 2009). Plaintiffs shall be allotted **12** hours of trial time and Defendants shall be allotted **12** hours of trial time. The Court will keep track of each side's time. Opening and closing statements, direct examination, and cross-examination shall be counted against the parties' allotted time.

3.      A final conference shall be held on **November 12, 2009, at 4:00 p.m.** in Courtroom 603, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003. Out-of-state counsel may participate by telephone.

4.      The parties' proposed final pretrial order was approved by the Court as the final pretrial order in this case. The order shall govern the presentation of evidence and other trial issues, and, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, shall be modified only to prevent manifest injustice. Evidence, objections, legal arguments, and relief

not requested or identified in the order shall not be available at trial, except to prevent manifest injustice.

5.     The Court addressed Defendant's motion in limine number 1. Dkt. #82. The motion seeks to exclude Plaintiff's annual reviews from evidence. For reasons stated on the record, the Court cannot at this time conclude that the reviews are irrelevant or confusing, and therefore **denied** the motion.

6.     The Court addressed Defendant's motion in limine number 2. Dkt. #83. For reasons stated on the record, the Court **granted** the motion on hearsay grounds.

7.     The Court addressed Defendant's motion in limine number 3. Dkt. #92. The Court **denied** the motion with respect to evidence that Plaintiff was denied a final year of employment after she did not receive tenure. The Court **granted** the motion with respect to evidence that Dr. Young made errors in the application submitted by Plaintiff's husband.

8.     The Court addressed Defendant's motion in limine number 4. Dkt. #84. The motion concerned a sexual harassment claim made by Ms. Webb against Mr. Lester. For reasons stated on the record, the Court **granted** the motion.

9.     The Court addressed Defendant's motion in limine number 5. Dkt. #85. Because Plaintiff stated she does not intend to use the statements concerning her performance during trial, the Court **denied** the motion as moot. If Plaintiff decides during trial that the statements become relevant, she should raise the issue with defense counsel before mentioning the statements in front of the jury.

10.    The Court addressed Defendant's motion in limine number 6. Dkt. #86. For reasons stated on the record, the Court **granted** the motion and concluded that the EEOC determination letter is admissible, but that references to Plaintiff's retaliation claim should be redacted from the letter. Following the hearing, the reviewed *Gilchrist v. Jim Slemons Import, Inc.*, 803 F.2d 1488 (1986). *Gilchrist* does not control because the determination letter in this case finds "that there is reasonable cause to believe" that a violation has occurred. Dkt. #86-2. The letter is therefore akin to the probable cause findings deemed admissible under *Plummer v. Western Int'l Hotels Co.*, 656 F.2d 502, (9th Cir. 1981). The

parties are instructed to agree on a redacted form of the EEOC letter. The parties should also agree on a limiting instruction. In crafting the instruction, the parties should consider the instruction given in *Gilchrist*. *See* 803 F.2d at 1500-01.

11. The Court addressed Defendant's motion in limine number 7. Dkt. #87. Because the motion did not identify specific damages evidence, the Court **denied** the motion. The parties are instructed to confer about Plaintiff's damages claims. If Plaintiff intends to make damages claims that Defendant believes to be inappropriate, Defendant should raise this issue at the final conference.

12. The Court addressed Defendant's motion in limine number 8. Dkt. #88. For reasons stated on the record, the Court concluded that the exhibit with handwritten notes is admissible and **denied** the motion. This ruling is based on Plaintiff's assertion that she does not seek to admit the handwritten statements to prove the truth of the matter asserted in those statements. The parties are instructed to redact Plaintiff's handwritten statements from the document. The other handwritten statements may be submitted as part of this exhibit to the jury. The parties should remind the Court of the need to provide a limiting instruction when this exhibit is admitted.

13. The Court addressed Defendant's motion in limine number 9. Dkt. #89. Because Plaintiff does not intend to present evidence concerning statements made by the ASU ombudsman, the Court **denied** the motion as moot. If Plaintiff decides that such statements become relevant during trial, she should raise that issue with Defendant before mentioning the statements in front of the jury.

14. The Court addressed Defendant's motion in limine number 10. Dkt. #91. The parties agree that the motion is **moot** with respect to witnesses Barbara Kerr, Steven Wirkus, Anne Klein, and Nan Ellin because Plaintiff does not intends to call them as witnesses. The Court will **deny** the motion with respect to David Rhoads, Mary Romero, Nancy Armstrong, and Sharon Crowley. Mr. Rhoads was disclosed in Plaintiff's initial disclosure statement as a person with information about discriminatory and retaliatory treatment of Plaintiff. Ms. Romero was disclosed in Plaintiff's initial disclosure statement as a person with knowledge

regarding the soundness of Plaintiff's scholarship, her contribution to the school of justice studies as a teacher and scholar, and as a witness "to meetings Plaintiff had with Zatz and Provine." Ms. Romero was also disclosed in Plaintiff's ninth supplemental disclosure statement as a person expected to testify regarding Plaintiff's reputation as a respected teacher and scholar in the school of justice studies, and to testify that Plaintiff complained to her about Dean Young's discrimination in her fourth year review. Ms. Armstrong was disclosed in Plaintiff's initial disclosure statement as a person who can testify to the strength of Plaintiff's tenure case, and as a person familiar with Plaintiff's scholarship. The disclosure also noted that Ms. Armstrong was an outside reviewer for the Plaintiff's tenure case. Ms. Crowley was disclosed in Plaintiff's ninth supplemental disclosure statement as a person who served on the personnel committee during Plaintiff's fourth year review. The disclosure stated that Ms. Crowley was expected to testify about Plaintiff's reputation as a teacher and scholar in the department of English, about the difficult work climate in the department, and that Plaintiff had conversations with her during the course of her employment at ASU concerning discrimination in the process of Plaintiff's review. The Court concludes that these are sufficient disclosures for purposes of Rule 26(a). If Defendant sought to obtain additional information regarding the knowledge or potential testimony of these individuals, Defendant could have served additional discovery or deposed them. If Defendant thought the disclosures made by Plaintiff were too cryptic, Defendant could have raised that issue with the Court.

15. The Court addressed Defendant's motion in limine number 11. Dkt. #90. For reasons stated on the record, the Court **denied** the motion.

16. The Court provided the parties with proposed preliminary jury instructions and voir dire questions. Dkt. #107. These will be addressed at the final conference to be held on **November 12, 2009**.

17. The Court also directed the parties to engage in settlement talks before **September 11, 2009**. Magistrate Judge David K. Duncan has been chosen by random draw

for the purpose of a settlement conference.  The parties are directed to contact Magistrate Judge Duncan's chambers to schedule a hearing date and time.

DATED this 24th day of July, 2009.

David G. Campbell
United States District Judge